IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 22-18-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| THERESA ANNE CHABOT, | |
| Defendant. | |

This matter is before the Court on a handwritten "Motion for Ineffective Assistance of Counsel; 28 U.S.C. § 2255" recently received from Defendant Theresa Anne Chabot ("Chabot"). (Doc. 53.) As explained herein, the motion will be dismissed without prejudice.

**Background**

Chabot entered a guilty plea to Count 1 of the indictment; in exchange, Counts 2-30 were dismissed. *See* (Docs. 22 & 24.) On February 21, 2023, this Court sentenced Chabot to the Bureau of Prisons for a term of 57 months. *See* Judg. (Doc. 38.) On March 1, 2023, Chabot, through counsel Dylan McFarland ("McFarland"), filed a notice of appeal. (Doc. 43.) Subsequently, McFarland filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising the Ninth Circuit that he found no meritorious issues for appeal and sought to withdraw as

1

counsel of record.  *See* (Doc. 52 at 1.)  The Circuit independently reviewed the record and identified two potential issues for appeal.  (*Id*. at 1-2.)  Accordingly, McFarland's motion to withdraw was denied, and he was directed to brief the two issues.  (*Id*. at 2.)  A briefing schedule was set.  (*Id*.)  Chabot currently has an active appeal pending before the Circuit.

In her motion, Chabot first argues that her right to due process was violated during sentencing.  Chabot relies upon *United States v. Montoya*, 82 F. 4th 640 (9th Cir. 2023), in support of this argument.  (Doc. 53 at 1-2, 4.)  Chabot then claims McFarland provided ineffective assistance in various ways.  (*Id*. at 3-4.)  The Court notes that Chabot's claim under *Montoya* is similar, if not identical, to one of the potential claims identified by the Circuit.  *Cf.,* (Doc. 52 at 1-2), *with* (Doc. 53 at 1-2.)

**Analysis**

Collateral proceedings are generally not permitted while a direct appeal is pending.  "Generally, the noting of such an appeal severely restricts the filing of a collateral claim with the District Court, to avoid any anomaly associated with the simultaneous consideration of the same case by two courts." *United States v. Taylor*, 648 F. 2d 565, 572 (9th Cir. 1981)(citations omitted).  Instead, "[t]he usual practice is to make a collateral assertion of error subsequent to the date of decision in the direct appeal.  When this path is followed the risk of duplicitous and

conflicting judicial administration is minimized, inasmuch as the disposition of the direct appeal may render the motion moot." *Taylor*, 648 F. 2d at 572; *see also Black v. United Staes,* 269 F. 2d 38, 41 (9th Cir. 1959)("[A] section 2255 motion to vacate sentence…may not be entertained if there is a pending appeal in good standing, since disposition of the appeal may render the motion unnecessary.").

While this is a "rule of forbearance" and not necessarily a jurisdictional bar, *see e.g., United States v. LaFromboise*, 427 F. 3d 680, 686 n.9 (9th Cir. 2005), the district court is to entertain a collateral review motion during the pendency of a direct appeal only when "extraordinary circumstances" outweigh considerations of administrative convenience and judicial economy. *Taylor*, 648 F. 2d at 572 (*citing Jack v. United States,* 435 F. 2d 317, 318 (9th Cir. 1970)(per curiam).

In the instant matter, there are no extraordinary circumstances that would require the Court to deviate from the typical policy of forbearance and entertain Chabot's § 2255 motion while her direct appeal is pending. Additionally, some of the very issues identified by Chabot in her § 2255 motion will be addressed by the Circuit on direct appeal. Judicial economy instructs this Court to stay its hand. Accordingly, Chabot's premature § 2255 motion will not be heard while her direct appeal is pending.

Chabot's motion will be dismissed without prejudice as her direct appellate review has not yet been completed. *See e.g., LaFromboise*, 427 U.S. at 686.

Chabot may return to this Court, if appropriate, at the conclusion of her direct appeal.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. Chabot has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253( c)(2). Accordingly, a certificate of appealability will be denied.

Accordingly, IT IS HEREBY ORDERED:

1. Chabot's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (Doc. 53) is DISMISSED without prejudice. Chabot may refile a § 2255 following the conclusion of her direct appeal.

2. A certificate of appealability is DENIED.

3. The Clerk of Court shall close the corresponding civil file of CV 24-24-M-DLC by entering a judgment of dismissal.

DATED this 12th day of March, 2024.

        */s/ Dana L. Christensen*
        Dana L. Christensen
        United States District Court