AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)  Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
District of Montana

| United States of America | ) |
|---|---|
| v. | ) |
| THERESA ANNE CHABOT | ) Case No: CR 22-18-M-DLC |
| | ) USM No: 99382-509 |
| Date of Original Judgment: 02/21/2023 | ) |
| Date of Previous Amended Judgment: | ) David F. Ness |
| *(Use Date of Last Amended Judgment if Any)* | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Part B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (Doc. 62.) Part B, subpart 1 provides a two-level offense reduction for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specific aggravating factors. *See* USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023).

Here, Defendant's prior conviction resulted in a total criminal history score of zero. (PSR at ¶ 50.) However, because Defendant personally caused a "substantial financial hardship" to the victims of the offense, the Court finds she is ineligible for a sentence reduction under the criteria set forth in §4C1.1(a). The Court's conclusion is supported by the substantial sum Defendant embezzled from the victims as well as victim impact testimony; indeed, two victims declared personal bankruptcy as a result of Defendant's scheme. (Doc. 49 at 96.) Because Defendant is ineligible for a sentence reduction under the retroactive application of Amendment 821, her motion is denied.

Except as otherwise provided, all provisions of the judgment dated 02/21/2023 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 9/20/2024

Judge's signature: *Dana L. Christensen*

Printed name and title: DANA L. CHRISTENSEN, U.S. Dist. Crt. Judge

Effective Date: _____
*(if different from order date)*